*822 On Rehearing Grante'd
MATHEWS, Justice.
Inadvertently the original opinion in this case used the word affirmed when the intention was to use the word “Reversed”, which is shown by the text of the opinion.
The deceased was a deputy sheriff and claim was filed against the Sheriff and the County. The deputy commissioner found that the County was liable and the sheriff was not liable. This conclusion was correct, but it was based upon the erroneous theory that the deputy sheriff was an emr ployee of the County and as 'such was covered by the Workmen’s Compensation Act, F.S:A. § 440.0Í et seq.
The County appealed to the Full Commission which made an order reversing the Deputy Commissioner and by finding and holding that the sheriff was liable and the County was not.. On appeal to the Circuit Court the order of the Full Commission was affirmed. In the case of Blackburn v. Brorein, Fla., 70 So.2d 293, we held that a deputy sheriff was an officer and-not an employee, and this case is controlled to that extent by that opinion.
The deceased deputy sheriff was not an employee but was an officer, not elected ut the• polls. The important question in this case is whether the deceased deputy sheriff would come under the purview of the Workmen’s Compensation Act, not as am, employee hut as an officer, "not elected at the polls’’. Because' the sheriff is elected at the polls and does'not come under the terms of the Act is no'reason why a depüty sheriff, who is an officer, not elected at the polls, should 'be excluded from the terms of the Act.
F.S. Section 440.02(1), F.S.A. provides as follows:
“The term ‘employment’ includes employment by the state and all political subdivisions thereof and all public- and quasi-public corporations therein and all private employments in which three or more employees arc employed in the same-business or establishment except officers elected at the polls, domestic servants in private homes; ■agricultural farm labor, professional "athletes such' as professional boxers and wrestlers, and ■ baseball, football,basketball, hockey, polo, tennis, jai alai and similar players excluding also all referees, judges, umpires, trainers, masseurs ’ and similar 'performers or attendants incident to professional exhibitions and performance of athletic games, sports and contests, turpentine labor, labor in processing gum-spirits of turpentine, crude gum, oleorosin and gum rosin.” (Emphasis supplied.)
The‘above section is a masterpiece of ambiguity due to- punctuation and grammatical construction. It appears to be an attempt' to throw together in one sentence a definition of “employment” for the purpose of the Workmen’s Compensation Act. Notwithstanding the ambiguity of the above section, a consideration of the history of the various Acts discloses a clear legislative intent and purpose to include in the Act all officers not elected at the polls “engaged -in an employment under any appointment or contract of hire * * * express or implied, oral or written”. A deputy sheriff, although an- officer, is engaged under an “appointment”.
Section 2- of Cljapter 17481, Laws of 1935, . in - defining ■ “employment” states, “The term ‘employment’ includes employment by the State and all political subdivisions thereof, except officers elected at the polls”. Then follows in logical sequence others who 'may be included, or excluded.
Chapter 18413, Laws of Florida 1937, enacted to correct certain errors and omissions of the Act of 1935 carried forward in the same identical words of Chapter 17481, the definition of the term employment as follows:
*823 “When used in this Act—
“(1) The term 'employment’ includes employment by the State and all political subdivisions thereof, except officers elected at the 'polls, * *
The ambiguity first appeared in Section 1 of Chapter 20672, Laws of Florida 1941, when the attempt was made to put in one sentence all of those included in the term “employment” and exceptions and exclusions, although classes as set forth in the one sentence were' misplaced.
By omitting from F.S. Section 440.02 (1), F.S.A., a misplaced classification, the first clause of the section would read’:
“The term ‘employment’ includes employment by the 'state and all political subdivisions thereof * * * except officers elected" at the ■ polls * * ■
which is the identical language uséd 'in the Acts of' 1935 and 1937 hereinabove mentioned.
'"It is quite clear that it was the legislative intent to exclude from the Act all officers elected at the polls, and to include those not so elected. The entities upon which the statute places liability are the State and all its political subdivisions. The County is a political subdivision. The acts performed by the deputy sheriff are as a deputy sheriff of the County and not as an employee. See Holland v. Mayes, 155 Fla. 129, 19 So.2d 709.
The order of the Circuit Court affirming the Florida Industrial Commission, which reversed the order of the Deputy Commissioner, be and the same is hereby reversed, with directions to take further proceedings in accordance with this opinion.
.ROBERTS, C. J., and TERRELL, - SE-BRING, DREW and BARNS, JJ., concur.
THOMAS, J., dissents.